

**The Miller Firm LLC**
TRIAL LAWYERS

Michael J. Miller – (1952 – 2021)
Nancy Guy Miller – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
David J. Dickens – VA, DC
Jeffrey Travers – VA
Tayjes Shah – PA, NJ
Curtis G. Hoke – CA
Jeff T. Seldomridge – VA, WV
Shayne K. Hodge – NJ, VA
Brian K. Brake – VA
R. Keith Morgan – MS, WV, DC

**The Sherman Building**
**108 Railroad Avenue**
**Orange, Virginia 22960**

Website: Millerfirmllc.com
Telephone:  (540) 672-4224
(866) 529-3323
Facsimile:  (540) 672-3055

July 6, 2023

<u>VIA ECF</u>

Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

    Re:    **In Re Terrorist Attacks of September 11, 2001, 03 MDL 1570**
              <u>**Gaston v. The Islamic Republic of Iran**</u>, No. 18-cv-12337

Dear Judge Netburn:

    I am writing in response to the Court's Order of June 28, 2023 (ECF 9174) seeking additional information relating to the asserted claim on behalf of Louis Gaston (deceased). [1] Specifically, the Court directed counsel to identify the plaintiff who is entitled to assert claims on behalf of the decedent, confirm that counsel represents the plaintiff, and ensure that the proper plaintiff is added to the operative complaint.

    Louis Gaston (Luis Gaston) was the father of Betsy Martinez, an accounts manager at Cantor Fitzgerald who died in the September 11th terrorist attacks. Mr. Gaston passed away in the State of New York prior to the filing of the complaint against the Islamic Republic of Iran. The cause of action filed on behalf of Mr. Gaston seeks damages for injuries he suffered during his lifetime as a result of the tragic death of his daughter.

    The question concerning the powers of Mr. Gaston's estate to maintain legal claims is governed by the law of the state which governs the creation of the estate; in this case New York. *Anderson v. The Islamic Republic of Iran,* 753 F. Supp. 2d 68, 82 (D.D.C. 2010).  The ability for a New York estate or representative to bring a personal injury action belonging to the decedent is governed by New York's Estates, Powers and Trusts Law. The relevant provision provides: "No cause of action for injury to person … is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought … by the personal representative of the decedent." N.Y. E.P.T.L. § 11–3.2.

---

[1] The Court's Order also directed Counsel to re-file documents requesting the Clerk's entry of default against Iran. Counsel has filed those documents (ECF 9181, 9183) and will continue to monitor the docket for any deficiency notices.

July 6, 2023
Page 2

    Plaintiff Beatrice Gaston has taken steps to also be appointed as the Personal Representative of her father's estate. Mr. Gaston's beneficiaries, including his surviving spouse[2], have consented to the appointment of Beatrice Gaston as the personal representative for the purpose of bringing this lawsuit. To date, however, Beatrice Gaston has not been formally appointed as the personal representative of the decedent.

    Since there is not currently an appointed personal representative for the Estate of Louis Gaston, Plaintiffs intend to file an amended motion for default judgment seeking entry of judgment on behalf of the Gaston plaintiffs other than the Estate of Louis Gaston. Counsel will file the amended motion and memorandum by July 10, 2023.

    Counsel anticipates that Beatrice Gaston will be formally appointed as personal representative within ninety (90) days. Upon her appointment, she will move the Court to be substituted as the proper plaintiff or file leave to amend the complaint to assert claims on behalf of the Estate of Louis Gaston. If granted, the Estate of Louis Gaston will then re-file a motion for default judgment.

    If the Court should need any additional information, please contact the undersigned.

    Respectfully,

    THE MILLER FIRM LLC

    */s/ David J. Dickens*

    David J. Dickens

---

[2] Mr. Gaston's surviving spouse is not an immediate family member of Betsy Martinez and therefore is not a plaintiff to this action.